IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESICA CROCI,

    Plaintiff,

vs.

ZIPZAP LLC, a Florida Limited
Liability Company, and TALI
BENAYON, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JESICA CROCI, sues Defendants, ZIPZAP LLC, a Florida limited liability company and TALI BENAYON, an individual, and shows:

### Introduction

1. This is an action by JESICA CROCI against her former employer for minimum wages pursuant to the Fair Labor Standards Act and unpaid wages pursuant to Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and breach of contract. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, JESICA CROCI, ("CROCI") a resident of Miami-Dade County, was at all times material, employed by ZIPZAP LLC, as a store manager, was an employee as defined by 29

U.S.C. § 203(e), and during her employment with ZIPZAP LLC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, ZIPZAP LLC, is a Florida limited liability company with headquarters in Palm Beach County, Florida, doing business in the Southern District of Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

6. Defendant, TALI BENAYON ("BENAYON"), is a managing member of ZIPZAP LLC, with operational control and direct control over the day to day operations, including compensation of employees and the setting of work schedules of persons working at ZIPZAP LLC, and therefore is an employer under the FLSA.

## Count I – Violation of FLSA by Defendant KLDC – Minimum Wage

7. Plaintiff, JESICA CROCI, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 6 above.

8. CROCI worked for ZIPZAP LLC for several hours during the last pay period of her employment, August 6, 2019 through August 21, 2019 but received no compensation whatsoever for the work performed.

9. On or about August 22, 2019, Defendant BENAYON sent a text message to CROCI advising her that she would not be paid her final paycheck because CROCI allegedly stole company merchandise.

10. CROCI denied that she stole anything. Rather, BENAYON was angry with CROCI because CROCI resigned her position with the company. Because BENAYON was angry, she leveled false allegations against CROCI in an effort to justify not paying her final paycheck.

11. ZIPZAP's failure to pay CROCI her final paycheck violates 29 U.S.C. § 206(a)(1) by not paying her at least a minimum wage.

12. CROCI is entitled pursuant to the FLSA to recover from Defendant ZIPZAP and BENAYON:

    a. The applicable minimum wage in effect at the times she worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for CROCI and against ZIPZAP and BENAYON on the basis of their willful violations of the FLSA;

    b. Award CROCI actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c. Award CROCI an equal amount in liquidated damages;

    d. Award CROCI reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

### Count II – Breach of Contract by Defendant ZIPZAP, LLC.
### Unpaid Wages

13. Plaintiff, JESICA CROCI, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 12 above.

14. Defendant agreed to pay the Plaintiff $10.00 per hour in exchange for Plaintiff performing services for Defendant as store manager.

15. Plaintiff performed all conditions precedent to her entitlement to payment of her agreed upon wages.

16. By failing to pay Plaintiff her agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff her agreed upon wages that she was not paid for.

17. Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

   a. her agreed upon wages earned but for which she did not receive compensation;

   b. the costs of this action; and

   c. a reasonable attorney's fees.

WHEREFORE, Plaintiff, JESICA CROCI, prays that this Honorable Court:

   a. enter judgment for Plaintiff and against Defendant on the basis of its willful violations of the Florida common law;

   b. award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

   c. award Plaintiff's reasonable attorney's fees and costs of suit pursuant to Florida Statutes § 448.08; and,

   d. other such relief as this Court deems just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: September 27, 2019
Plantation, Florida

Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*